10-605-cr
United States v. Cooper

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of February, two thousand eleven.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                No. 10-605-cr

HENRY LEE COOPER,
*Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:     Edward S. Zas, Federal Defenders of New York, New York, New York.

FOR APPELLEE:      Peter M. Skinner and Katherine Polk Failla, Assistant United States Attorneys, Of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Henry Lee Cooper pleaded guilty to one count of failing to update his registration as required by the Sex Offender Registration and Notification Act. See 18 U.S.C. § 2250. The district court imposed a thirty-month sentence, the top of the applicable guidelines range, which Cooper now challenges as both procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

Cooper's challenges to the procedural reasonableness of his sentence were not raised below. Therefore, our review is for plain error. United States v. Brennan, 395 F.3d 59, 71 (2d Cir. 2005).

In determining a sentence, the district court must consider the factors laid out in 18 U.S.C. § 3553(a) in order to reach "an informed and individualized judgment . . . as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting 18 U.S.C. § 3553(a). Cooper contends that the district court committed procedural error by failing to adequately consider the Section 3553(a) factors. In particular, Cooper argues that Judge Cote's unwillingness to lower his sentence based on his selfless reasons for moving from Florida to New York demonstrates that she failed to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as required by 18 U.S.C. § 3553(a)(1).

That Judge Cote was not persuaded to give Cooper a lower sentence because he moved to New York in search of medical care for his girlfriend does not mean that she failed to consider Section 3553(a)(1). "[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). Instead, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." Id. In this case, Judge Cote stated that she had "considered the factors under Section 3553(a) and the applications of defense counsel" and nothing in the record indicates that she either misunderstood her obligation to consider each factor or unreasonably applied Section 3553(a) to the facts of this case. At any rate, the judge did not refuse to consider Cooper's reasons for moving; she expressly considered this fact but did not find it mitigating, noting that the issue was not that or why he came to New York, but his failure to register once here. We therefore find no procedural error in Judge Cote's consideration of the Section 3553(a) factors.

Cooper also argues that the district court committed procedural error by failing to sufficiently explain its sentence in open court. Under 18 U.S.C. § 3553(c), the district court must give reasons for its sentence sufficient to "satisfy us that it has 'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" Cavera, 550 F.3d at 193, quoting Rita v. United States, 551 U.S. 338, 356

3

(2007). Where, as here, the defendant raises "only straightforward, conceptually simple arguments to the sentencing judge," a "brief statement of reasons" meets this obligation. Id. (internal quotation marks omitted).

Judge Cote justified sentencing Cooper to the top of the applicable guidelines range by explaining, in open court, that she was motivated by Cooper's history "of very serious offenses that prompted the registration requirement" and "strong individual deterrence arguments [and] general deterrence arguments for imposing a significant sentence." The factual record supports this reasoning. Cooper's registration requirement is the result of two prior convictions for lewd assault. In both cases, his victim was an eight year old girl. The age of the victims and the brutality of the crimes make Cooper's underlying offenses extremely serious. It is true that Cooper has not been charged with similar crimes for many years, but he has had any number of scrapes with the law. In addition, Cooper is a recidivist violator of state and federal registration requirements. That fact gave the district court reason to believe that a sentence at or below the bottom of the applicable guidelines range would not sufficiently deter Cooper from committing future violations. We therefore conclude that the district court had a reasoned basis for Cooper's sentence.

Finally, Cooper points out that during sentencing Judge Cote stated that the sentence she had selected was "reasonable," thus referencing the standard that guides appellate review of a district court's sentence, rather than her own obligation to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes of the sentencing statute. 18 U.S.C. § 3553(a). However, there is "no indication that [Judge Cote] actually failed to

4

consider the requirements of the parsimony clause" nor is there any reason to suspect that her "reference to [her] duty to impose a sentence that was 'reasonable' affected in any way [her] assessment" of Cooper's sentence. United States v. Williams, 475 F.3d 468, 477 (2d Cir. 2007). As a result, the court's statement does not amount to plain error. See id.

Cooper's substantive unreasonableness arguments are similarly unpersuasive. We will uphold a sentence as substantively reasonable unless "the trial court's sentence cannot be located within the range of permissible decisions." See United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted). Given Cooper's long and serious criminal record and repeated violations of both federal and state registration requirements, the thirty-month sentence imposed by the district court is one of the "overwhelming majority" of guidelines sentences that fits "comfortably within the broad range of sentences that would be reasonable in the particular circumstances." Fernandez, 443 F.3d at 27.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5